UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,     :

    v.             :   **MEMORANDUM & ORDER**
                           :   16-CR-459 (WFK)
DANIEL GEORGE HANCHARD,     :

        Defendant.    :
-------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 21, 2016, the defendant, Daniel George Hanchard, pleaded guilty to one count of Illegal Reentry into the United States After Deportation in violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(1). The Court now sentences the defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, the defendant is hereby sentenced to 14 months of incarceration, 3 years of supervised release with the special conditions of release proposed by the Probation Department, and a $100.00 special assessment.

## BACKGROUND

On July 21, 2016, the United States filed a Complaint against Daniel George Hanchard ("Defendant") alleging Defendant, who had previously been removed from the United States and had not made an application for readmission, had been found in the United States. Compl. at 1, ECF No. 1. The subsequent Indictment, filed on August 1, 2016, charged Defendant with a single count of Illegal Reentry in violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(1). Indictment at 1, ECF No. 7. On September 21, 2016, Defendant pleaded guilty to the Indictment pursuant to a Plea Agreement. *See* Plea Agreement, ECF No. 13.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing a sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

### II. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant was born in Kingston, Jamaica, on August 11, 1966, to Ezra Hanchard and Vita Thomas. Presentence Investigation Report ("PSR") ¶ 34, ECF No. 14. When Defendant was a child, his parents moved to the United States to find work. *Id.* Defendant remained in Jamaica with his great aunt, who was middle-class and kept a Christian household. *Id.*

Defendant completed the equivalent of high school and subsequently studied accounts management at Michael College in Jamaica. *Id.* ¶ 46. Prior to completing college, *id.*, Defendant secured a job with the Jamaican government, mobilizing voters and organizing the election process, *id.* ¶ 48, and so he never obtained a college degree, *id.* ¶ 46. Defendant also worked on various government construction projects. *Id.* ¶ 48.

The Defendant maintained a close relationship with his mother. *Id.* ¶ 34. In 1998, at the age of twenty-two, Defendant moved to Elmont, New York, to join his parents and to find employment. *Id.* ¶ 36. At that time, Defendant and his unmarried partner, Hazel Rattray, had a son out of wedlock named Shaquiel. *Id.* ¶ 38. Ms. Rattray and Shaquiel reside in Brooklyn, New York. *Id.* The Defendant has worked as a promoter for various music venues in Jamaica and in the United States. *Id.* ¶ 47. And although he has declined to marry the mother of his child and he is not the principal contributor to the financial support of his child, he nevertheless has two other children born outside of wedlock from past relationships with other women and for whom he is not the principal source of support. *See id.* ¶¶ 39, 40.

On August 8, 2001, Defendant was stopped while driving in Queens, New York, by New York City Police Department ("NYPD") officers investigating a report of shots fired. *Id.* ¶ 17. The NYPD officers found a firearm in Defendant's car. *Id.* He was subsequently convicted of Attempted Criminal Possession of a Firearm and sentenced to five years of probation. *Id.* On May 20, 2008, Defendant was returned on a bench warrant for a violation of probation and sentenced to one year in custody. *Id.* Defendant was also found with marijuana and cocaine in 2004, and found guilty of disorderly conduct in 2012 and possession of a forged instrument 2014. *Id.* ¶¶ 18–20, 45. He has been deported for immigration violations twice: on March 27, 2014, and on September 24, 2015. *See* Government Sentencing Mem. at 2 & n.1, ECF No. 17

3

(listing these deportations and an additional removal in 2004 "based on a deportation individual for another individual whose identity was associated with the defendant's fingerprints").

## B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Defendant has three children in the United States. This Court must take note of the circumstances surrounding his illegal reentry: The desire to be with his children, while laudable in the abstract, runs afoul of the dictates of the law. Keeping a child away from gang violence is a laudable goal. However, perhaps his son might have been less attracted to the likes of the Crips had his father not been involved with illegal weapons, illegal cocaine, and illegal marijuana. Perhaps not. In any event, the record is crystal clear that this Defendant must be deterred from once again flaunting the immigration laws of the United States. Time served would not be sufficient in this case. Catch and release is not the appropriate remedy in this case.

Finally, the Court notes there is an immigration detainer in effect. PSR at 1. The Court's sentence takes into account the deterrence factors at play together with the effects the Defendant's continued incarceration would have on his family: While incarcerated he will be accessible to them here in the United States, while once presumably deported he will be deprived of access on our shores. A sad and difficult situation.

## C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to Illegal Reentry into the United States in violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(1), for which he faces a maximum term of imprisonment of ten years. *See* 8 U.S.C. § 1326(a), (b)(1). Defendant could also be sentenced to a maximum term of supervised release of three years, *id.* § 3583(b)(2); probation of not less than one nor more than five years, *id.* § 3561(c)(1); a maximum fine of $250,000.00, *id.* § 3571(b)(3); and a special assessment of $100.00, *id.* § 3013.

## D. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(4)(A).

Guidelines § 2L1.2 applies to violations of 18 U.S.C. § 1542 and sets a base offense level of eight. *See* United States Sentencing Commission, *Guidelines Manual*, § 2L1.2(a) (Nov. 2016) ("USSG"). In addition, Defendant illegally reentered the United States after, so four levels are added. *Id.* § 2L1.2(b)(2)(D). Defendant's acceptance of responsibility by pleading guilty, however, permits a two-level reduction. *Id.* § 3E1.1(a). Accordingly, Defendant's total offense level is ten.

Defendant has a total criminal history score of four, which results in a criminal history category of three. PSR ¶¶ 19–21. Defendant was convicted of Attempted Criminal Possession of a Firearm in 2001, *id.* ¶ 17, Marijuana Possession in 2004, *id.* ¶ 18, Disorderly Conduct

5

related to marijuana possession in 2012, *id.* ¶ 19, and Possession of Forged Instrument related to using an alias in 2014, *id.* ¶ 20.

With a total offense level of ten and a criminal history category of three, the Guidelines suggest an imprisonment term of between ten and sixteen months. USSG ch. 5, pt. A. In the alternative, the Guidelines allow for a term of imprisonment of five months followed by a term of supervised release with a special condition requiring five months of community confinement or home detention. *Id.* § 5C1.1(c)(2). The Guidelines further recommend a supervised release term of one to three years, *id.* § 5D1.2(a)(2); a fine of between $4,000.00 and $40,000.00, *id.* § 5E1.2(c)(3); and payment of the costs of prosecution, *id.* § 5E1.5. Defendant is ineligible for probation. *See id.* § 5B1.1.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor, which requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission," 18 U.S.C. § 3553(a)(5), is not applicable in this case.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In considering the other six § 3553(a) factors, the Court's sentence sufficiently avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor, which requires the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case, *see* 18 U.S.C. § 3663.

## CONCLUSION

A sentence of 14 months of incarceration, 3 years of supervised release, and the $100.00 mandatory assessment, is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report and imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 14, 2017
Brooklyn, New York